UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FRANKLIN DARIO GUAILLAS CRIOLLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00075-SEB-KMB |
| | ) | |
| SCOTT MAPLES, | ) | |
| SAMUEL OLSON, | ) | |
| TODD LYONS, | ) | |
| KRISTI NOEM, | ) | |
| PAMELA JO BONDI, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Franklin Dario Guaillas Criollo is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on December 24, 2025, and is detained at the Clark County County Jail in Jeffersonville, Indiana. Mr. Guaillas Criollo now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 24.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 10, 2026**, Respondents must either: (1) afford Mr. Guaillas Criollo an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Guaillas Criollo from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Guaillas Criollo is a citizen of Ecuador who entered the United States without inspection in May 2019 near Hidalgo, Texas. Dkt. 1 at 9. ICE Enforcement and Removal

Operations ("ERO") officers encountered Mr. Guaillas Criollo during a traffic stop in Latham, New York, on December 24, 2025. Dkt. 6-1 at 3. Mr. Guaillas Criollo was arrested pursuant to warrant (I-200). *Id*. at 6. He has remained in ICE custody since that date and is currently housed at the Clark County Jail in Jeffersonville, Indiana. Dkt. 6 at 3.

Mr. Guaillas is charged with having entered the United States without admission or inspection. Dkt. 1 at 2; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Respondents indicate Mr. Guaillas Criollo was served with a notice to appear (Form I-862) initiating removal proceedings, but they have not provided the Court with a copy of the notice or the warrant. Dkt. *Id*.

Mr. Guaillas Criollo has not moved for or been given a custody re-determination hearing. Dkt. 1. He is scheduled for an individual hearing before the Indianapolis Immigration Court on May 4, 2026. Dkt. 6-1 at 3.

## II.     Discussion

Mr. Guaillas Criollo claims that his current detention violates the INA (Count I), the bond regulations (Count II), the Administrative Procedure Act (Count III), and the Due Process Clause of the Fifth Amendment (Count IV). Dkt. 1 at 17-24. Respondents argue that Mr. Guaillas-Criollo is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he will have the opportunity to receive a hearing; that his detention is constitutional; and, that the Court lacks jurisdiction. Dkt. 6.

The Court finds that Mr. Guaillas-Criollo's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Guaillas Criollo is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A. Jurisdiction

The Government appears to contend this Court lacks jurisdiction to hear Mr. Guaillas Criollo's APA claim because judicial review of the agency action is precluded by statute. Dkt 6 at 11.

The Government's statutory argument for its position is suspect. It supports its position with indirect citations to 8 U.S.C. § 1252. Though § 1252(a)(2)(A) strips the Court of jurisdiction to review orders of removal under 8 U.S.C. § 1225(b)(1), Guaillas Criollo is challenging his continued detention without a bond hearing and not an order of removal—under § 1225 or any other statute.

Similarly, § 1252(g) provides that the Court cannot hear claims arising from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. 8 U.S.C. § 1252(g). Again, Mr. Guaillas Criollo's petition for writ of habeas corpus is about his *detention*, and not about the proceedings commenced against him, the adjudication thereof, or the execution of a removal order, so § 1252(g) does not constrain the Court. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 840–41 (2018) (detention claims are not barred merely because they arise in the context of removal proceedings); *Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (adopting the narrow interpretation of § 1252(g) that it "applies only to three discrete actions that the Attorney General may take: his 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'").

The Court has jurisdiction to decide the merits of this case.

### B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain

certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*,

24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C.  **Mr. Guaillas Criollo Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Guaillas Criollo is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Guaillas Criollo who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424,

*3-5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The respondents here cite a number of contrary decisions. Notably, the respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 5-7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[1] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that."). Further, after this matter was fully briefed, the Eighth Circuit decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

As respondents also note, the Eighth Circuit recently decided *Herrera Avila v. Bondi,* ___ F.4th __, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by the respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Guaillas Criollo is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Guaillas Criollo is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Guaillas Criollo requests immediate release from custody. Dkt. 1 at 24. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Guaillas Criollo's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 10, 2026**, Respondents must either: (1) provide Mr. Guaillas Criollo with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Guaillas Criollo from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on April 14, 2026**, Respondents must file documentation certifying that they have provided

Mr. Guaillas Criollo with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date:  _____4/6/2026_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

8